IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL ROARTY-NUGENT**, <br> *Plaintiff,* <br> vs. <br> **CUYAHOGA COUNTY**, *et al.* <br> *Defendants.* | Case No. 1:20-CV-01025 <br><br> Judge Donald C. Nugent |
| **PLAINTIFF ROARTY-NUGENT'S REPLY MEMORANDUM IN FURTHER SUPPORT OF HIS MOTION TO CERTIFY QUESTION OF LAW TO THE SUPREME COURT OF OHIO** | |

Plaintiff Michael Roarty-Nugent respectfully submits this brief reply memorandum in further support of his Motion to Certify Question of Law to the Supreme Court of Ohio

**ARGUMENT**

**I. The Ohio Supreme Court hasn't issued any controlling rule.**

The Ohio Supreme Court has issued no ruling specifically addressing the statute of limitations for claims for civil liability for criminal acts under Ohio Rev. Code § 2307.60, and Defendants' opposition did not argue to the contrary. Instead, Defendants cited the same unreported and non-binding decisions of lower courts addressed in Mr. Roarty-Nugent's motion[1]— all of which failed to apply the Ohio Supreme Court's established analysis for determining whether a statute is remedial or penal.[2] As a result, certification is appropriate because the Ohio Supreme Court

---

[1] *Marquardt v. Carlton*, Case No. 1:18-CV-333, 2019 WL 1491966 at *2 (N.D. Ohio Apr. 2, 2019); *State ex rel. Cty. of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.*, 8th Dist. Cuyahoga, No. 104157, 2017-Ohio-7727, ¶ 131; *Gray v. Newman*, 8th Dist. Cuyahoga, No. 89549, 2008-Ohio-1076, ¶ 26 (Dyke, J., dissenting); *Duffey v. Pope*, Case No. 2:11-CV-16, 2012 WL 4442753 at *7 (S.D. Ohio Sep. 25, 2012).
[2] *Rosette v. Countrywide Home Loans, Inc.*, 105 Ohio St.3d 296, 2005-Ohio-1736, 825 N.E.2d 599; *Rice v. CertainTeed Corp.*, 84 Ohio St.3d 417, 419, 704 N.E.2d 1217 (1999); *Cline v. Ohio Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 97, 573 N.E. 2d 77 (1991); *Cosgrove v. Williamsburg of Cincinnati Mgt. Co., Inc.*, 70 Ohio St.3d 281, 289,

is likely to rule consistently with its prior analyses, abrogating these lower courts' rulings, which were devoid of any substantial analysis.

## II.   A rule that any statute allowing exemplary-damages recovery is a penal statute would lead to absurd results under Ohio law.

The notion that the mere availability of exemplary damages converts a statute from remedial to penal is contrary to well-established Ohio law and, if memorialized in law, would have wide-ranging implications. This Court and the lower courts whose decisions Defendants cite have construed Ohio Rev. Code § 2307.60 to "contemplate[] a penalty" because it states that "[a]nyone injured in person or property by a criminal act…may recover punitive or exemplary damages if authorized by section 2315.21 of another section of the Revised Code."[3] Notably, this statute does not *mandate* exemplary damages for violations—it simply makes exemplary-damages recovery *available* on the condition that some other Ohio statute permits their award.

Were this Court to now find that any Ohio statute permitting a civil plaintiff to recover exemplary damages "contemplates a penalty" and is therefore subject to a one-year statute of limitations, it would contradict Ohio's existing statute-of-limitations scheme, leading to absurd results and subverting legislative intent. Ohio Rev. Code § 2315.21 authorizes plaintiffs to seek exemplary damages in any Ohio tort case[4] in which "[t]he actions or omissions of that defendant demonstrate malice or aggravated or egregious fraud, or that defendant as principal or master knowingly authorized, participated in, or ratified actions or omissions of an agent or servant that so demonstrate."[5] This statute specifically lists Ohio products-liability claims as one category of claims

---

638 N.E.2d 991 (1994) (Resnick, J., concurring), quoting *Floyd v. DuBois Soap Co.*, 139 Ohio St. 520, 523, 41 N.E.2d 393 (1942).
[3] Ohio Rev. Code § 2307.60.
[4] The statute defines "tort action" as "a civil action for damages for injury or loss to person or property. 'Tort action' includes a product liability claim for damages for injury or loss to person or property that is subject to sections 2307.71 to 2307.80 of the Revised Code, but does not include a civil action for damages for breach of contract or another agreement between persons." Ohio Rev. Code § 2315.21(A)(1).
[5] Ohio Rev. Code § 2315.21(C)(1); *see also* Ohio Rev. Code § 2307.80.

for which plaintiffs may recover exemplary damages, but products-liability claims are subject to a two-year statute of limitations under Ohio Rev. Code § 2305.10.—not a one-year statute[6] Nor does any provision of the Ohio products-liability statutory scheme, Ohio Rev. Code §§ 2307.71–80, provide any distinction in the statute of limitations between products-liability cases seeking only compensatory damages as opposed to those seeking both compensatory and exemplary damages. This example comports with other Ohio tort claims: Mr. Roarty-Nugent could not locate any authority for the proposition that a tort plaintiff's request for exemplary damages truncates that claim's statute of limitations, and Defendants provided no such authority to this Court.

Further, it bears emphasizing that Ohio Rev. Code § 2307.60 does not *require* exemplary-damages awards—it allows them only if authorized by other statutes.[7] Of course, Ohio law gives plaintiffs discretion regarding whether to seek exemplary damages; it's the plaintiff's choice. Yet this Court's ruling would apply to any § 2307.60 claim even if exemplary damages were not authorized by the referenced statutes, or even if the plaintiff did not request this form of relief. While perhaps the language "contemplates a penalty" could be stretched to encompass a statute where exemplary damages are optional, it shouldn't be because the result would circumvent the Ohio legislature's intent to provide a civil-damages remedy to all crime victims.[8]

### III. Ohio Rev. Code § 2307.60 should not be interpreted as an intentional tort statute, especially when the underlying crimes Mr. Roarty-Nugent alleged do not require an intentional *mens rea*.

Nor should this Court apply a one-year statute on the theory that these Ohio Rev. Code § 2307.60 claims represent intentional-tort claims that should be considered penal in nature. Some

---

[6] Ohio Rev. Code § 2305.10(A) (general two-year statute of limitations with extensions available for later discovery of injury; *see id.* at §§ 2305.10(C) and (E)).
[7] Ohio Rev. Code § 2307.60(A).
[8] *Jacobson v. Kaforey*, 149 Ohio St. 3d 398, 412, 2016-Ohio-8434, 75 N.E.3d 203, ¶ 52.

intentional torts are subject to a one-year statute of limitations under Ohio law,[9] but some aren't.[10] Either way, the underlying criminal statutes on which the § 2307.60 claims are premised don't require proof of intentionality. Plaintiff has alleged that several Defendants violated the Ohio criminal statutes for "dereliction of duty," Ohio Rev. Code § 2921.44, and "interfering with civil rights," Ohio Rev. Code § 2921.45. Proving dereliction of duty requires demonstrating negligence or recklessness, not intentional conduct.[11] Likewise, proving interference with civil rights requires establishing a "knowing," not intentional mental state.[12]

## CONCLUSION

The statute of limitations for Ohio Rev. Code § 2307.60 is a recurring problem likely to confront federal and lower Ohio courts. The Northern District of Ohio has this issue recurring before it. For the reasons above, and all those provided in his motion, Plaintiff Michael Roarty-Nugent respectfully asks the Court to certify the following question to the Ohio Supreme Court for resolution: "What is the statute of limitations for Ohio Rev. Code § 2307.60 claims?" A definitive answer from the court in the best position to provide such an answer—the Ohio Supreme Court—will benefit the parties here, in other cases, and this Court.

---

[9] Ohio Rev. Code § 2305.111(B) provides a one-year statute of limitations for assault and battery tort claims.
[10] *Gambill v. Bonded Oil Co.*, 52 Ohio St.3d 90, 556 N.E.2d 177 (holding that intentional torts by employer were subject to two-year statute of limitations unless circumstances included batter or other intentional tort specifically enumerated in Ohio Revised Code, *id.* at 93). The Ohio Supreme Court may apply this same logic to § 2307.60 claims, choosing only to impose a one-year statute on those underlying criminal acts that included an enumerated intentional tort subject to the one-year statute of limitations.
[11] Ohio Rev. Code § 2921.44(C) states in pertinent part that "[n]o officer, having charge of a detention facility, shall negligently fail to do any of the following: … (2) Fail to provide persons confined in the detention facility with adequate food, clothing, bedding, shelter, and medical attention;…(5) Fail to observe any lawful and reasonable regulation for the management of the detention facility." It also prohibits public servants from "recklessly fail[ing] to perform a duty expressly imposed by law[.]" Ohio Rev. Code § 2921.44(E).
[12] Ohio Rev. Code § 2921.45(A) states that "[n]o public servant, under color of his office, employment, or authority, shall knowingly deprive, or conspire or attempt to deprive any person of a constitutional or statutory right."

Dated: October 16, 2020

Respectfully submitted,

*/s/ Jessica S. Savoie*
Subodh Chandra (0069233)
Jessica S. Savoie (0099330)
Brian Bardwell (0098423)
THE CHANDRA LAW FIRM LLC
The Chandra Law Building
1265 West Sixth Street, Suite 400
Cleveland, Ohio 44113
216.578.1700 (p) / 216.578.1800 (f)
Subodh.Chandra@ChandraLaw.com
Jessica.Savoie@ChandraLaw.com
Brian.Bardwell@ChandraLaw.com

*Attorneys for Plaintiff Michael Roarty-Nugent*