# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

MICHAEL ROARTY-NUGENT,      )      Case No. 1:20-cv-01025
      )
     Plaintiff,      )      Judge J. Philip Calabrese
      )
v.      )
      )
CUYAHOGA COUNTY, *et al.*,      )
      )
     Defendants.      )
      )

## OPINION AND ORDER

Plaintiff Michael Roarty-Nugent moves for reconsideration of the Court's ruling of September 15, 2020, which held a one-year statute of limitations governs his claim for civil liability for criminal acts pursuant to Section 2307.60(A)(1) of the Ohio Revised Code.  (ECF No. 23, PageID #500–01.)  Although the rules do not formally provide for reconsideration, the reasons for altering or amending a judgment under Rule 59 or for obtaining relief from a judgment under Rule 60 generally delineate the circumstances under which a court will grant reconsideration.  This is so even though, strictly speaking, "any order or other decision . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action . . . and may be revisited at any time before the entry of judgment[.]"  Fed. R. Civ. P. 54(b).

Justifying reconsideration requires a moving party to:  (1) demonstrate an intervening change in the controlling law; (2) establish that new evidence is available; or (3) prove that a clear error occurred or reconsideration is necessary to prevent

manifest injustice. *See Louisville/Jefferson Cnty. Metro. Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009). A district court retains discretion to entertain such a motion. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 n.7 (6th Cir. 2004).

The Court declines to reconsider the prior ruling regarding the limitations period for a claim under Section 2907.60(A)(1) for three reasons. First, although Plaintiff bases his motion on the recent ruling in *Harris v. Cunix*, 2022-Ohio-839, ___ N.E.3d ___ (Ohio Ct. App. 2022), other intermediate State appellate courts apply a one-year limitations period. *See, e.g., Steinbrick v. Cleveland Elec. Illuminating Co.*, No. 66035, 1994 Ohio App. LEXIS 3756, at *5 (Ohio Ct. App. Aug. 25, 1994).

When applying State law, the Court must "anticipate how the relevant state's highest court would rule in the case and are bound by controlling decisions of that court." *Vance v. Amazon.com*, 852 F.3d 601, 610 (6th Cir. 2017) (quoting *In re Dow Corning Corp.*, 419 F.3d 543, 549 (6th Cir. 2005)). If, as here, "the state supreme court has not yet addressed the issue," this Court must render a prediction "by looking to all the available data." *Allstate Ins. Co. v. Thrifty Rent-A-Car Sys., Inc.*, 249 F.3d 450, 454 (6th Cir. 2001)). "Relevant data include decisions of the state appellate courts, and those decisions should not be disregarded unless" the Court is "presented with persuasive data that the [state supreme court] would decide otherwise." *Id.*; *see also Faber v. Ciox Health, LLC*, 944 F.3d 593, 601 (6th Cir. 2019).

Here, the relevant data confirm that the Ohio Supreme Court should determine the applicable limitations period for claims for civil liability for criminal

2

acts, and *Harris* makes prediction that resolution difficult.  On the one hand, *Harris* presents the only case over a period of approximately thirty years to apply a one-year limitations period.  On the other hand, it presents the most comprehensive reasoning on the subject to date.

But the Court need not predict how the Ohio Supreme Court would resolve the split in authority *Harris* created because of the amount of time that has passed since the ruling on September 15, 2020.  Under Rule 59(e), a motion must be brought within 28 days; and a motion under Rule 60(b) must be brought within a reasonable period of time, and no later than one year after the ruling at issue in certain circumstances that do not apply here.  *See* Fed. R. Civ. P. 60(c).  In the Court's view, too much time has elapsed to disturb the finality of the ruling regarding the limitations period for Count 18, interlocutory though it may be.  That is the second reason the Court declines to reconsider that ruling.

Finally, since that ruling, the case was reassigned.  While the court has "the authority to revisit non-final orders, a mere case reassignment is not a sound legal basis for doing so."  *Bailey v. City of Howell*, No. 2:13-cv-14082, 2015 WL 736599, at *8 (E.D. Mich. Feb. 20, 2015).  In fairness to Plaintiff, the Court does not think that he seeks reconsideration because of the reassignment.  However, "a new judge should not allow a party to use the old judge's departure as a chance to put to a general test the body of decided matters."  *ADT Servs., AG v. Brady*, No. 10-2197, 2013 WL 1450924, at *1 (W.D. Tenn. Apr. 9, 2013).  "Unless the moving party raises a plain error (or, perhaps, a pressing issue, such as jurisdiction), the previous judge's rulings

should govern." *Id.* (citing *Moses v. Business Card Express*, 929 F.2d 1131, 1137 (6th Cir. 1991)). Generally, some "compelling reason," like a "manifest error or a change in the law, that warrants re-examination" must exist to justify revisiting an earlier ruling under this doctrine. *Minch v. City of Chicago*, 486 F.3d 294, 301 (7th Cir. 2007). (collecting cases). "The Supreme Court has held that although a court has the power to revisit its own decisions . . . it should not do so absent extraordinary circumstances showing that the prior decision was clearly wrong and would work a manifest injustice." 18 *Moore's Federal Practice* § 134.21[1] (2021) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988)).

In the Court's view, these facts and circumstances counsel against reconsideration, even if the Ohio Supreme Court would now agree with *Harris* and determine that a limitations period greater than one year applies to claims under Section 2907.60(A)(1). For all these reasons, the Court declines to exercise its discretion to reconsider the Order of September 15, 2020 (ECF No. 23) and **DENIES** the motion for reconsideration (ECF No. 55).

**SO ORDERED.**

Dated:  May 16, 2022

J. Philip Calabrese
United States District Judge
Northern District of Ohio